IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUN BELLE, INC., | 4:05CV3048 |
| Plaintiff, | |
| vs. | **MEMORANDUM** |
| | **AND ORDER** |
| FARMERS PREMIUM PRODUCE, LLC; RANDY V. CRUISE; RONALD R. CRUISE; and DEBRA K. CRUISE, | |
| Defendants. | |

The plaintiff has filed a "stipulation to reopen case and enter judgment" (filing 23). The filing has not been signed by counsel,[1] but it appears to bear the signatures of the plaintiff's corporate secretary, John A. Hedges, and the individual defendants, Randy V. Cruise, Ronald R. Cruise, and Debra K. Cruise. There is no representative signature for the defendant Farmers Premium Produce, LLC.[2] The plaintiff has not made a showing that Farmers Premium Produce, LLC, is in default of the parties' settlement agreement, nor has it shown whether any payments were made that would reduce the judgment amount below the amount stated in the stipulation ($63,374.00).

The court will reopen the file and will allow the plaintiff thirty days to submit a proposed judgment, approved as to form and content by all parties to the action. Alternatively, the plaintiff may file an application for entry of judgment supported by

---

[1] The plaintiff's counsel did sign a separate notice of filing (filing 23) that was served on the defendants' counsel, however.

[2] On the signature line there simply appears a handwritten "Farmers Premium Produce LLC." The parties' previous stipulation (filing 20) contains the same defect, which the court failed to notice when entering the case-closing order on March 14, 2005 (filing 21).

affidavit(s). If neither action is accomplished, the case will be subject to immediate dismissal without prejudice.

    IT IS ORDERED that:

1. The plaintiff's "stipulation to reopen case and enter judgment" (filing 22), treated as a motion, is granted in part and denied in part, as follows:
   a. This case is reopened; and
   b. In all other respects the motion is denied.

2. Within thirty (30) days from today's date the plaintiff shall either:
   a. Submit a proposed judgment, approved as to form and content by all parties, that will fully dispose of this case; or
   b. Submit a proposed judgment and file an application supported by affidavit(s) establishing the plaintiff's entitlement to entry of the proposed judgment. Defendants shall be allowed ten (10) days to respond to any such application.

3. Absent compliance with paragraph 2 above, this case may be dismissed without further notice.

August 24, 2005.                                  BY THE COURT:

                                                               s/ *Richard G. Kopf*
                                                               United States District Judge